SUCCESSION OF FUSTER, APPELLANT, *v.* THE REGISTRAR OF
PROPERTY, RESPONDENT.

APPEAL from a decision of the Registrar of Property of
Guayama.

No. 131.—Decided February 14, 1913.

POSSESSORY TITLE—DOMINION TITLE—HOUSE BUILT ON LAND BELONGING TO
ANOTHER.—When the possessory title to a house is recorded in favor of its
owner by virtue of possessory title proceedings from which it appears that
the lot belongs to the municipality, the registrar of property cannot refuse
to convert the record of possession into a record of ownership on the ground
that it appears from the registry that the house is situated on a lot belonging
to the municipality.

RECORD OF TITLE—JURISDICTION OF REGISTRY RECORDS—ADMINISTRATIVE APPEAL.—
When a record is entered in the registry of property it is under the protection
of the courts and they alone have the power to determine, in a proper action,
the validity or nullity thereof. Such a question cannot be considered in an
administrative appeal.

ID.—POSSESSORY TITLE—DOMINION TITLE—HOUSE BUILT ON LAND BELONGING TO
ANOTHER.—If it appears from the registry that a house is situated on a lot
belonging to the municipality, it is clear that the conversion of the record of
possession of the house into a record of ownership affects the house only and
not the lot of the municipality upon which the petitioner in the possessory
title proceedings acknowledged that the house was built.

The facts are stated in the opinion.
*Mr. Domínguez Rubio* for appellant.
The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

On October 19 of last year the Succession of Fuster, of
which Leonor and Rafael Fuster y Blien are members, pre-
sented in the Registry of Property of Guayama a certified
copy of a decision rendered on the day before by the municipal
court of that city ordering the conversion into a record of
dominion title the record of possessory title to three prop-
erties situated within the municipal district of that town, one
of them being country property and the other two city prop-
erties.

The registrar made the change ordered as to the country property but refused to do so as to the two city properties giving his reasons therefor in the following decision:

"The change ordered in the foregoing document is made as to the country property by a marginal note to the first entry of property number 981 on page 226 of volume 18 of Guayama, and denied as to the two houses because it appears in the registry that they are erected upon lots belonging to this municipality. Guayama, October 29, 1912. Felipe Cuchí Arnau, Registrar."

This decision is submitted to our consideration in an administrative appeal taken from that part thereof which relates to the two city properties.

In order to have a better understanding of the case we asked the Registrar of Property of Guayama to furnish us with a certified copy of the record of the possessory title of the two properties in question, and the certificate sent up to us shows that Rafael Fuster y Aguiló, ancestor of the appellant succession, brought possessory title proceedings in the old Court of First Instance of Guayama to establish his ownership to the two buildings in question which he acquired by building them with his own money upon lots granted to him by the municipality of Guayama, which proceedings were approved by an order dated September 26, 1895, by virtue whereof the possessory titles to both properties were recorded in the said registry in favor of Rafael Fuster y Aguiló on the 15th of the following October, due reservation having been made for the rights of third persons with better titles.

In view of the fact that in the application for a proceeding to establish possessory title it was clearly expressed that the properties were acquired with the applicant's own funds. upon a lot granted by the municipality and that the evidence introduced tended to show that the possessory title thereto was in Rafael Fuster y Aguiló, there can be no doubt that the possessory title approved by the Court of First Instance of Guayama and recorded in the registry had reference to

the houses built upon lots of the municipality of Guayama
and not to the lots themselves which belonged to and were
possessed by said municipality.

The record of the possessory title to said two houses was
made, therefore, in favor of Rafael Fuster y Aguiló without
its being shown that the ownership of the lots on which the
two houses were erected was recorded in favor of the munic-
ipality of Guayama, and it would be useless to discuss here
whether or not the record of the possessory title to the two
houses, in the absence of a record as to the lots, is null and
void, because as the record of the possessory title to both
buildings is a fact, the record is under the protection of
the courts, and to them alone is given the power to decide,
in a proper action, the legality or illegality of the entries made
in the record, according to the decisions of the General Di-
rectorate of Registries of Spain of September 7, 1883, May 7
and June 15, 1884, November 19 and December 17, 1885, Feb-
ruary 11, 1887, May 1, 1890 and June 21, 1891.

This doctrine has been upheld by us in previous cases.

The record of the possessory title to the two houses will
be the basis for our decision of this appeal.

Now, that record of the possessory title to the two houses,
which does not include the lots of the municipality of Gua-
yama whereon they are erected, is what the municipal court
of that city ordered converted into a dominion title record
by decree of October 18 last, and the registrar should have
complied with that order which was made by the Municipal
Court of Guayama within the limits of its jurisdiction.

If it appears from the registry that the houses are erected
upon lots of the municipality of Guayama it is evident that
the conversion of the possessory title record to the two houses
into a dominion title record affects only the houses and not
the lots of the municipality of Guayama upon which the ap-
pellant's ancestor acknowledged that his houses were erected.

For the reasons stated, in so far as the denial of the con-
version of the possessory title record to the two houses into a

dominion title record is concerned, the decision appealed from should be reversed, although under no circumstances shall such conversion affect the two lots of the municipality of Guayama upon which the houses are erected.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.